IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOLONIE PURNELL o/b/ G.B. a minor, ) ) | No. 11 C 8492 |
| Plaintiff, ) ) | Magistrate Judge Arlander Keys |
| v. ) ) | |
| CAROLYN W. COLVIN, Commissioner of Social Security, ) ) ) ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On April 12, 2013, the Court issued a Memorandum Opinion and Order that granted Plaintiff's, Lolonie Purnell on behalf of her minor son, G.B., motion for summary judgment and remanded her case to the Commissioner of Social Security to complete the analysis of listing 103.03(C), as well as reconsider other issues. *See Purnell ex rel. G.B. v. Astrue,* No. 11 C8492, 2013 WL 1568046 (N.D. Ill. April 12, 2013). Ms. Purnell has filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), on the basis that the government's position before this court was not substantially justified. The Commissioner opposes the motion.

The EAJA provides that the court shall award to the prevailing party fees and other expenses incurred by that party

in any civil action, including proceedings for judicial review of agency action, brought against the United States unless the court finds that the position of the United States was substantially justified. 28 U.S.C. § 2412 (d)(1)(A). A position is substantially justified if it was "grounded in '(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced.'" *United States v. Hallmark Construction Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000)(quoting *Phil Smidt & Son, Inc. v. NLRB*, 810 F.2d 638, 642 (7th Cir. 1987)).

The Court's remand made Ms. Purnell the "prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 300-301 (1993). However, under the EAJA, the prevailing party cannot collect attorney fees "if a reasonable person could conclude that the ALJ's opinion and the Commissioner's defense of the opinion had a rational basis in law and fact." *Bassett v. Astrue,* 641 F.3d 857 (7th Cir. 2011), *citing*: *Marcus v. Shalala*, 17 F.3d 1033, 1035 (7th Cir. 1994).

The Commissioner bears the burden of proving that the decision was substantially justified. *Scarborough v. Principi*, 541 U.S. 401 (2004). The standard for substantially justified requires that the decision had "a reasonable basis in law and

2

fact." *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006). Losing on the merits does not render the administration's decision unjustified. *Pierce v. Underwood*, 487 U.S. 552, 569 (1998).

Although the ALJ found that G.B. had a severe impairment of asthma, he concluded that G.B. did not have an impairment or combination of impairments that met or medically equaled one of the listing impairments. Additionally, the ALJ concluded that G.B. did not have an impairment or combination of impairments that functionally equaled the listings. The ALJ focused on part B of the asthma listing at 103.03, and found that G.B.'s chest x-rays showed clear to mild finding in his lungs, that G.B. lacked the requisite number of hospital visits, and that G.B.'s breathing problems did not affect his ability to perform in school. (*Purnell* at 12.) The ALJ concluded, after considering the six functional domains, that G.B. had a "less than marked" limitation in moving about and manipulating objects, a "marked" limitation in health and physical well-being, and no limitation in any remaining domains. (*Purnell* at 13.) Thus, the ALJ determined a finding of "not disabled" appropriate under the framework of the above-cited rules, and that G.B. was not entitled to benefits.

3

On review of the record, the Court found that the ALJ's evaluation of whether G.B. met, medically equaled, or functionally equaled the listing requirements of 103.03(C) ("Part C") was incomplete. The ALJ indeed cited 103.03, however, the Court found that he failed to fully analyze or cite to Part C sufficiently enough for the court to be without reservation that the factual assessments were addressed. Therefore, the Court remanded the case to remedy the Part C inadequacy, and also suggested the ALJ more closely consider the evidence with regard to both listing 103.03(B), as well as regarding whether his findings of one marked limitation and one less than marked limitation rested on substantial evidence. (*Purnell* 21-22.) Ms. Purnell contends that the ALJ's decision was not substantially justified because of these inadequacies and, as a result, the decision violated the Commissioner's rulings and regulations and the Commissioner's position cannot be considered reasonable. (Pl.'s Reply at 5.)

The Commissioner objects to an award of attorney fees based on the claim that the Commissioner's position was "substantially justified," within the meaning of the EAJA, even though ultimately unsuccessful. (Def.'s Resp. at 3). Further, the Commissioner argues that, because the Plaintiff prevailed on only one issue advanced, the Plaintiff should not be awarded

attorney fees with respect to the other issues that went undecided. The Commissioner cited *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009) to argue that "a party's success on a single claim will rarely be dispositive of whether the government's overall position was substantially justified" (Def.'s Response brief at 3), and *Hardisty v. Astrue*, 592 F.3d 1072, 1077 (9th Cir. 2010) cert denied 131 S.Ct. 2443 (2011), for the proposition that EAJA fees may not be awarded with respect to issues the district court declined to reach. This argument is unavailing, as the Court stated that it would not analyze the additional two issues only because remand was already warranted on the first. Nonetheless, the Court explicitly suggested to the ALJ, upon remand, to reconsider the evidence on the two issues remaining in light of the argument presented by both sides. (*Purnell* 21-22.)

Lastly, the Commissioner argues that "a reasonable person could find that the ALJ in this case was substantially justified in concentrating his analysis on Listing 103.03(B) because Purnell herself concentrated her arguments on that listing during the administrative appeals process" (Def.'s Resp. at 5.) The Court finds that, while Ms. Purnell argued that 103.03(B) was "most applicable" and that the listing should be considered equaled, she also argued that the listing had four separate

5

parts and that "(i)n this case, the applicable listing is 103.03. The listing can be met or equaled under parts a, b, c, or d." (R. at 314, 316-317) Ms. Purnell further argued to the ALJ that G.B. had "marked limitations periodically in multiple domains" (R. at 317), offering multiple bases for a possible favorable decision. The focus by Ms. Purnell on 103.03(B), does not excuse the incomplete analysis under Listing 103.03(C).

Based on the inadequacies in analysis, the Court finds that the ALJ's decision was not substantially justified. As a result, the decision violated the Commissioner's rulings and regulations and the Commissioner's position cannot be considered reasonable. Therefore, the Court finds that Ms. Purnell prevails on her claim for attorney fees under the EAJA.

Ms. Purnell's counsel, Mr. David Kornfeld, seeks fees in the amount of $14,205.32, for 78.15 hours of work at an hourly rate of $181.77. The hourly rate is contrived by the EAJA 1996 $125 per hour limit increased by $56.77 for the cost of living adjustment. The Commissioner does not oppose the awarded fees being made payable directly to Ms. Purnell's counsel, and in the name of counsel only as assignee of Ms. Purnell, as long as Ms. Purnell provides an appropriate written assignment and the parties determine that she has no pre-existing federal debt. The Seventh Circuit in *Matthews-Sheets v. Astrue*, 653 F.3d 560,

565 (7th Cir. 2011) allowed direct payment to counsel so long as the Commissioner has not alleged that the plaintiff in fact owes a federal debt for which any EAJA award may be subject to offset.  Because the Commissioner has not alleged in this case that Ms. Purnell owes a federal debt, any award of fees is appropriately made payable to counsel pursuant to the assignment set forth in the fee agreement.  Thus, consistent with the EAJA, the Court finds Mr. Kornfeld's billing appropriate and grants the attorney fees requested, payable to David Kornfeld in the amount of $14,205.32.

## Conclusion

For the reasons set forth above, the petition for an award of attorney's fees filed by counsel for Ms. Purnell, on behalf of G.B. [#32], is granted.  The Court awards fees under the EAJA payable to Attorney David Kornfeld in the amount of $14,205.32.


Dated: January 3, 2014

**E N T E R E D:**

_____
MAGISTRATE JUDGE ARLANDER KEYS
UNITED STATES DISTRICT COURT